UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER E. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-226-EFB<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 17 & 18. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. Background

Plaintiff filed an application for SSI, alleging that he had been disabled since January 1, 1997. Administrative Record ("AR"), ECF No. 12, at 188-93. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 105-10, 112-18. A hearing was subsequently held before Administrative Law Judge ("ALJ") Curtis Renoe. *Id.* at 32-72. Plaintiff was represented by counsel at the hearing, at which she, her brother, and a vocational expert testified. *Id.*

1

On January 3, 2017, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id*. at 17-27. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since July 2, 2014, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: degenerative cervical disc disease; history of cerebral tonisillar ectopia; and panic disorder/anxiety (20 CFR 416.920(c)).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of medium work as defined in 20 CFR 416.967(c). The claimant can lift and carry 50 pounds occasionally and 25 pounds frequently. The claimant can stand/walk 6 hours in an 8 hour workday. The claimant can sit 6 hours in an 8 hour workday. The claimant can push and pull as much as she can lift/carry. The claimant can frequently climb ramps and stairs. The claimant can frequently climb ladders, ropes and scaffolds. The claimant can frequently balance, stoop, kneel, crouch and crawl. The claimant can never work around unprotected heights or moving, mechanical parts. The claimant should avoid concentrated exposure to dust, odors, fumes and other pulmonary irritants. The claimant can frequently interact with supervisors and occasionally interact with coworkers and the general public in performing unskilled work.

\* \* \*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1971 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963)

7. The claimant has a marginal education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined by the Social Security Act, since July 2, 2014, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 19-26.

Plaintiff's request for Appeals Council's review was denied on December 14, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id*. at 1-6.

/////

II.     Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    Analysis

Plaintiff raises three principal arguments. First, she argues that the ALJ erred in finding that her migraine headaches were not a medically determinable impairment. Second, she argues that the ALJ erred in weighing the medical opinion evidence. Third, plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting her subjective statements regarding pain and her functional limitations.[2] ECF No. 17 at 19-28. As discussed below, remand is warranted based on the first argument. Accordingly, the court declines to reach plaintiff's remaining argument.

/////

---

[2] Plaintiff's arguments are not addressed in the order presented in her motion, but have been reorganized to align with the sequential evaluation.

Plaintiff argues that the ALJ erred in finding that her migraine headaches were not a severe impairment. *Id*. at 21-23. She further contends that the error was not harmless because the ALJ did not consider the limitations imposed by her migraine headaches in assessing her residual functional capacity ("RFC"). *Id*. at 23.

To qualify for disability benefits, a claimant must establish an inability to engage in substantial gainful activity "by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C. § 423(d)(1)(A). The existence of a medically determinable impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings . . . ." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (quoting SSR 96-4p); *see* 20 C.F.R. § 416.908 (An "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.").

Plaintiff's medical records document ongoing issues with migraine headaches. In September 2013, plaintiff reported ongoing fatigue and recurrent headaches over multiple months, which had worsened over the prior month. AR 427. A March 2014 treatment record noted that plaintiff's various symptoms includes headaches. *Id*. at 312, 336. At a neurological evaluation in June 2014, plaintiff's symptoms included weakness, numbness, and headaches. *Id*. at 317-18. In October 2014, plaintiff had a consultation for possible multiple sclerosis. *Id*. at 529-32. The report from that evaluation noted plaintiff had experienced migraines since age 12. *Id*. at 529. It also reflected that in prior years she had migraines daily, requiring her take a lot of Advil, but currently she was only having one per month. *Id*. Multiple sclerosis was ruled out based in part on plaintiff's history of migraines and a brain MRI showing that the cerebella tonsilis extended inferiorly, which was noted to be consistent with borderline Chiari I

/////
/////
/////
/////
/////

malformation.³  *Id*. at 501, 531.  Plaintiff was diagnosed with monocular diplopia, fatigue, dizziness, depression, and migraine headaches.  *Id*. at 561.

At the hearing, plaintiff testified that the frequency of her migraines varied between having multiple per week to only one per month.  *Id*. at 52.  She stated that she has had migraines off and on since age 12, but they have intensified over the past six years.  *Id*.  She further testified that she was previously prescribed migraine medication, but she stopped taking it due to its side effects.  *Id*. at 56-57.  She currently takes Advil when she feels a migraine coming on, which helps a little.  *Id*. at 52-53.  She also stated that her primary care physicians referred her to physical therapy because she thought the migraines could be related to an issue with plaintiff's neck.  *Id*. at 54.  While the physical therapy resolved her neck impairment, plaintiff claimed it did not help her migraines.  *Id*.  Plaintiff also stated she is left "completely drained" and experiences visual impairments after having a migraine headache.  *Id*. at 58.

The ALJ concluded that plaintiff's migraine headaches were not a medically determinable impairment because "there is no evidence of any significant pathology or neurological defects related to migraines" and plaintiff had been conservatively treated with pain medication.  AR 20.  Neither reason supports the ALJ's finding.

As a threshold matter, the cause of migraine headaches is generally unknown.  As one court has observed:

> [t]he cause [of a migraine] is unknown and the pathophysiology is not fully understood . . . . The mechanism for migraines is not well defined, but several triggers are recognized[, including] insomnia, barometric pressure change, and hunger.... Symptoms usually follow a pattern in each patient . . . . The patient may have attacks daily or only once every several months. Diagnosis is based on the symptom patterns when there is no evidence of intracranial pathologic changes. Migraine is more probable when the patient has a family history of migraine . . . . No diagnostic tests are useful, except to exclude other causes. Treatment depends on the frequency of attacks and the presence of comorbid illness.  In general, treatment can be classified as prophylactic, abortive, or analgesic.

---

³ Chiari malformation is a condition in which brain tissue extends into the individual's spinal canal.  Chiari malformation type I develops as the skull and brain are growing and, consequently, its symptoms may be occur until late childhood or adulthood.  Mayo Clinic, Chiari malformation symptoms & causes, https://www.mayoclinic. org/ diseases-conditions/chiari-malformation/symptoms-causes/syc-20354010.

6

*Groff v. Comm'r Soc. Sec.*, 2008 WL 4104689, at *8 (N.D.N.Y Sept. 3, 2008) (quoting *The Merck Manual* 1376 (17th ed. 1999)). Because of the lack of objective useful diagnostic testing, "a migraine diagnosis can turn on a claimant's testimony." *Jones v. Berryhill*, 2018 WL 7106674, at * 15 (N.D. Cal. Oct. 24, 2018).

As detailed above, plaintiff's medical records adequately document her complaints of migraine headaches. Furthermore, there is no indication that her treating physicians doubted she experienced migraine headaches. Indeed, her diagnosed impairments included migraines. *Id*. at 561.

But more significantly, the ALJ's conclusion that "there is no evidence of any significant pathology or neurological defects related to migraines" is not supported by the record. As noted above, an MRI of plaintiff's brain showed cerebral tonsillar ectopia—a condition the ALJ found to be severe—which was noted to be consistent with Chiari I malformation. According to the Mayo Clinic, Chiari malformation is a condition in which brain tissue extends into the spinal canal due to an abnormally small or misshapen skull. The condition is categorized into three types, with Chiari malformation type I developing as the skull and brain grow. Significantly, "[h]eadaches, often severe, are the classic symptom of Chiari malformation."[4] Thus, the record does contain evidence of a pathological condition explaining plaintiff's migraine headaches.

Furthermore, the ALJ's finding that plaintiff only received conservative treatment for her headaches does not support the finding that the impairment was not medically determinable. Such treatment might suggest that her headaches are not severe enough to result in disability, but it does not demonstrate the absence of a medically determinable impairment or that plaintiff's headaches do not impact her ability to work. *Cf. Cowains v. Astrue*, 2012 WL 3779076, at *4 (C.D. Cal. Aug. 30, 2012) (finding conservative treatment with medication regimen is not a sufficient reason to find an impairment non-severe).

/////

/////

---

[4] Mayo Clinic, Chiari malformation symptoms & causes, https://www.mayoclinic.org/diseases-conditions/chiari-malformation/symptoms-causes/syc-20354010.

Accordingly, the ALJ erred in finding that plaintiff's migraine headaches were not a medically determinable impairment. Moreover, the error was not harmless because the ALJ did not consider plaintiff's migraines in assessing her RFC, which must be based on limitations imposed by all impairments, even those that are not severe.[5] *See Carmickle v. Comm's Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) ("The ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe. Even though a non-severe impairment standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.") (citations and quotations omitted).

Accordingly, the matter must be remanded for the ALJ to consider the impact plaintiff's migraine headaches have on her ability to work. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV. <u>Conclusion</u>

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in the Plaintiff's favor.

DATED: September 30, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff also argues that the ALJ erred by not finding that her migraines were a severe impairment at step-two. ECF No. 17 at 23. Because this matter must be remanded for the reasons stated herein, that issue will be left for the ALJ to decide on remand.